# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| K.M., a minor, by and through, Felicia Sanders, as Natural Guardian and Next Friend, | Civil Action No.: 2:23-cv-1370-RMG |
| Plaintiff, | Judge: Richard M. Gergel |
| vs. | |
| Meta Platforms, Inc. (f/k/a Facebook, Inc., a Delaware Corporation); Facebook Holdings, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; Internet Research Agency, LLC (a/k/a Mediasintez LLC a/k/a Glavset LLC a/k/a Mixinfo LLC a/k/a Azimut LLC a/k/a Novinfo LLC); Concord Management and Consulting LLC; Concord Catering & Yevgeniy Viktorovich Prigozhin, | **REQUEST FOR ENTRY OF DEFAULT JUDGMENT AGAINST THE "RUSSIAN DEFENDANTS"** |
| Defendants. | |

Plaintiff, K.M., a minor, by and through, Felicia Sanders, as Natural Guardian and Next Friend, ("Plaintiff"), respectfully requests that the Clerk of Court enter default judgment against Defendants, Internet Research Agency, LLC (a/k/a Mediasintez LLC a/k/a Glavset LLC a/k/a Mixinfo LLC a/k/a Azimut LLC a/k/a Nofinfo LLC), Concord Management and Consulting, LLC, and Concord Catering ("Russian Defendants"), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. In support of this request, Plaintiff states as follows:

1.  On April 5, 2023, Plaintiff filed a Complaint against the Russian Defendants (*inter alia*) in the United States District Court for the District of South Carolina (Charleston Division), asserting claims for harm caused to Plaintiff by the Russian Defendants' negligently, grossly negligently, recklessly and/or intentionally radicalizing the now infamous Dylann Roof to the point

that he committed mass murder that resulted in the killing of Plaintiff's father and emotional trauma to Plaintiff (who was present in Emmanual AME Church when Roof carried out his horrific acts).

2. On September 28, 2023, Plaintiff filed an Amended Complaint against the Russian Defendants (*inter alia*) in the United Statese District Court for the District of South Carolina (Charleston Division), asserting the same claims.

3. The Russian Defendants were properly served with the Summons and Complaint *via* substituted service of process pursuant to the Court's September 13, 2023 Order (issued under Fed. R. Civ. P. 4(f)(3)) [see R. Doc. 8]. Proof of Service in the form of the "Affidavit of Substitute Service of Process" of Francois M. Blaudeau (Plaintiff's counsel) was e-filed with the Court on November 11, 2024 [R. Doc. 31] and is attached hereto as Exhibit "1" (along with the attachments thereto) for ease of reference.

4. As Exhibit "1" hereto reflects, in compliance with the Court's Order [R. Doc. 8], service was perfected on each of the Russian Defendants as follows:

<u>Concord Management and Consulting, LLC</u>

- A. Service was perfected by personally serving a copy of the summons and complaint on counsel in the United States to the extent they are still affiliated with Reed Smith LLP. Eric A. Dubelier, formerly of the Washington, D.C. office of Reed Smith LLP, is no longer affiliated with Reed Smith LLP. James Christopher Martin is similarly no longer affiliated with Reed Smith LLP. Service was attempted on Colin Emmet Wrabley of the Pittsburgh, Pennsylvania office of Reed Smith, LLP, who purports to work remotely and the Pennsylvania office refused to accept service of the summons complaint. Finally, Katherine Joanne Seikaly of the McLean, Virginia

      office of Reed Smith LLP, was served with a copy of the summons and complaint.

B. Service was also perfected by publication in the Wall Street Journal.

C. Service was also made by email to Vladislav Zabrodi who, upon information and belief, served as former counsel for these defendants. He is the managing partner of the Russian law firm, Capital Legal Services, LLC.

D. As Exhibit 1 hereto reflects, other methods of substitute service, per the Court's September 13, 2023 order, were duly attempted, unsuccessfully, for the reasons stated in Exhibit 1.

<u>Concord Catering and Internet Research Agency, LLC</u>

E. Service was perfected by publication in the Wall Street Journal.

F. Service was made by email to Vladislav Zabrodi who, upon information and belief, served as former counsel for these defendants. He is the managing partner of Russian law firm, Capital Legal Services, LLC.

G. As Exhibit 1 hereto reflects, other methods of substitute service, per the Court's September 14, 2023 order, were duly attempted, unsuccessfully, for the reasons stated in Exhibit 1.

5. These "substituted" forms of service were perfected prior to November 11, 2024, as the date of the Affidavit attached hereto as Exhibit 1 reflects.

6. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Russian Defendants were required to file an answer or otherwise respond to the Complaint by, at the latest, December 2, 2024.

7. To date, the Russian Defendants have failed to plead, answer, or otherwise defend against the Complaint, and the time for doing so has expired.

8.     Plaintiffs submit that the Russian Defendants are neither minors nor incompetent persons.

9.     Under Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk must enter a default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.

10.    Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, because this matter involves general damages for personal injuries, including mental and emotional pain and suffering, Plaintiff respectfully requests the Court "conduct hearings or make referrals" as the Court deems necessary and proper in order to determine a reasonable and appropriate amount of damages to be awarded Plaintiff for her injuries as well as all other relief the Court, in its discretion, deems just and proper, including but not limited to interest and costs.

WHEREFORE, Plaintiff respectfully requests that the Clerk of Court:

a. Enter default against the Defendants, Internet Research Agency, LLC (a/k/a Mediasintez LLC a/k/a Glavset LLC a/k/a Mixinfo LLC a/k/a Azimut LLC a/k/a Nofinfo LLC), Concord Management and Consulting, LLC, and Concord Catering ("Russian Defendants"), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure; and

b. Grant such other and further relief as the Court deems just and proper.

[SIGNATURE BLOCK TO FOLLOW]

Dated: November 19, 2025                                        Respectfully submitted,

                                                                                                               <u>s/T. Ryan Langley</u>
T. Ryan Langley
S.C. Federal Bar No.: 10047
The Langley Law Firm, LLC
229 Magnolia Street
Spartanburg, South Carolina 29306
ryan@thelangleylawfirm.com
*Counsel for Plaintiff*

François M. Blaudeau (pro hac vice)
Marc J. Mandich (pro hac vice)
Southern Med Law
2762 B M Montgomery Street, Suite 101
Homewood, Alabama 35209
Office: 205-564-2741
Fax: 205-649-6386
francois@southernmedlaw.com
marc@southernmedlaw.com
*Lead Counsel for Plaintiff*

Gerald Malloy
Malloy Law Firm
108 Cargill Way
Hartsville, South Carolina 29550
gmalloy@bellsouth.net
*Co-Counsel for Plaintiff*